J-S02012-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MAURICE HAMILTON | : | |
| | : | |
| Appellant | : | No. 2149 EDA 2020 |

Appeal from the PCRA Order Entered October 29, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005141-2013

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MAURICE HAMILTON | : | |
| | : | |
| Appellant | : | No. 2150 EDA 2020 |

Appeal from the PCRA Order Entered October 29, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005142-2013

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MAURICE HAMILTON | : | |
| | : | |
| Appellant | : | No. 2151 EDA 2020 |

Appeal from the PCRA Order Entered October 29, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005143-2013

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

|  | : |  |
|---|---|---|
| v. | : |  |
|  | : |  |
|  | : |  |
| MAURICE HAMILTON | : |  |
|  | : |  |
| Appellant | : | No. 2152 EDA 2020 |

Appeal from the PCRA Order Entered October 29, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005144-2013

BEFORE: OLSON, J., KING, J., and McCAFFERY, J.

MEMORANDUM BY OLSON, J.: **FILED FEBRUARY 11, 2022**

Appellant, Maurice Hamilton, appeals from the order entered on October 29, 2020, which dismissed his petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. In this appeal from the denial of PCRA relief, Appellant's counsel filed a petition to withdraw and a no-merit brief pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).[1] As we conclude that counsel fulfilled the procedural requirements of **Turner**/**Finley** and that this appeal is without merit, we grant counsel's petition to withdraw and affirm the PCRA court's order denying Appellant post-conviction relief.

_____

[1] Although counsel styled his brief as having been filed pursuant to **Anders v. California**, 386 U.S. 738 (1967), we note that an **Anders** brief governs the withdrawal of counsel from direct appeal. Nevertheless, as **Anders** imposes stricter requirements for withdrawal than those set forth in **Turner**/**Finley**, this Court accepts **Anders**-compliant briefs in the context of collateral review. **Commonwealth v. Fusselman**, 866 A.2d 1109, 1111 n.3 (Pa. Super. 2004).

On December 20, 2013, Appellant entered a negotiated guilty plea to two counts of aggravated assault, two counts of assault of a law enforcement officer, and one count of possession of a firearm by a minor.[2]  During the plea colloquy, the Commonwealth summarized the factual basis for Appellant's plea:

> Your Honor, the incident for which [Appellant was] arrested and is here before you today took place on [March 28, 2013] at about 5:45 in the evening.  It began near Broad and Wingohocking Streets in the Olney section of Philadelphia.
>
> At that time [Appellant] was walking with several friends toward Broad and Wingohocking. As they got there he met up with several other young men, young teenagers, including a [15-year-old] named [T.G.]
>
> The two groups exchanged verbal hostilities, threats between one another and an argument but not a physical fight began. During that argument [Appellant] was armed with a nine-millimeter Glock pistol which he showed to [T.G.] and his friends and his teenage cousins who were with him.
>
> And as a result, [T.G.], who was frightened and felt threatened, called his other brother, whose name is [S.C.] [S.C.] is 23 years old -- and said there is a young man with a gun and that young man had pointed that gun at him at Broad and Wingohocking.
>
> [S.C.] was nearby and [S.C.] also called his father, Raphael Hill, and told him what was going on. Mr. Hill was also in the neighborhood.  [S.C.] quickly walked over to Broad and Wingohocking and his father, Mr. Hill, drove -- he was in his work van -- to Broad and Wingohocking.
>
> As they got there he saw [Appellant] armed with what appeared to be a pistol. When [S.C.] approached him, he was uncertain whether or not it was a real gun or a BB gun and

---

[2] 18 Pa.C.S.A. §§ 2702(a), 2702.1(a), and 6110.1(a), respectively.

attempted to take the gun from [Appellant] who was pointing it in his direction. As that happened [Appellant] backed up and fired at [S.C.] and the group of other teenagers who were there and began to run from Broad and Wingohocking northbound on Broad Street.

[S.C.] pursued him on foot and his father, Mr. Hill, who was in his van and had seen everything that happened also began to follow him in the van.

As [Appellant] was pursued by . . . [S.C. and] Mr. Hill in [the] van, [Appellant] turned and fired again at the van, which was being driven by Mr. Hill.

Police officers Timothy Auty . . . and Chad Gugger . . . were approximately one block away as this was taking place. That's right at the intersection of 15th and Wingohocking.

They both heard the gunshots from a block away and looked down Wingohocking toward Broad and were able to see [Appellant] running up Broad Street followed by [S.C.] and Mr. Hill.

They immediately began to pursue and follow the van. As they continued up Broad Street, [Appellant] turned on to Old York Road. He then turned and fired directly at the van, as well as the officers who were immediately behind the van on Old York Road, and continued to run on Old York Road toward Courtland Street.

Ultimately, near the intersection of Old York Road and Courtland the officers got out of their vehicles, drew their service pistols and pointed them at [Appellant] and demanded several times that he stop. After they demanded that several times he ultimately stopped and put down his weapon.

Recovered from [Appellant] was a nine[-]millimeter semiautomatic pistol loaded with eight live rounds. Recovered from his pocket were four additional nine[-]millimeter bullets. And recovered from the direction of travel and the path of the incident were six fired nine[-]millimeter cartridge cases.

- 4 -

> [Appellant] ultimately gave a statement to detectives indicating that as he turned he saw police officers Auty and Gugger. He was aware that they were police officers and he fired directly at them and he was then arrested.

N.T. Guilty Plea Hearing, 12/20/13, at 17-20.

The trial court accepted Appellant's guilty plea and, on December 20, 2013, the trial court sentenced Appellant to serve the negotiated term of seven to 16 years in prison, followed by two years of probation, for the convictions. *See id.* at 13 and 32. Appellant did not file a notice of appeal from his judgment of sentence.

On April 2, 2018, Appellant filed a *pro se* PCRA petition and claimed that he was entitled to post-conviction collateral relief due to unspecified claims that his counsel was ineffective and that his guilty plea was unlawfully induced. *See* PCRA Petition, 4/2/18, at 2. The PCRA court appointed counsel to represent Appellant during the proceedings and counsel filed an amended petition, claiming that Appellant's PCRA petition was timely under the governmental interference exception to the PCRA's one-year time-bar. Specifically, Appellant claimed that he was placed "in solitary confinement immediately upon incarceration in state custody and remained there for years without access to assistance in filing his [PCRA] petition." Amended PCRA Petition, 1/31/19, at 2. Appellant also claimed that he is functionally illiterate and that the prison prevented him from doing legal research by limiting his access to the prison library. *See id.* at 3.

On September 14, 2020, the PCRA court provided Appellant with notice that it intended to dismiss his petition in 20 days, without holding a hearing,

as the petition was untimely. PCRA Court Notice, 9/14/20, at 1; *see also*

Pa.R.Crim.P. 907(1). The PCRA court finally dismissed Appellant's petition on

October 29, 2020 and Appellant filed a timely notice of appeal. In this appeal,

Appellant's counsel filed a petition to withdraw as counsel and a no-merit brief

pursuant to **Turner**/**Finley**. Counsel presents the following issue in the

**Turner**/**Finley** brief:

> Did not the [PCRA] court err in denying Appellant's untimely
> petition under the [PCRA] where no statutory timeliness
> exception applied?

Appellant's Brief at 4.

Prior to addressing the merits of the issue raised in the **Turner**/**Finley**

brief, we must determine whether counsel met the procedural requirements

necessary to withdraw. Counsel seeking to withdraw in PCRA proceedings

> must review the case zealously. **Turner**/**Finley** counsel
> must then submit a "no-merit" letter to the [PCRA] court, or
> brief on appeal to this Court, detailing the nature and extent
> of counsel's diligent review of the case, listing the issues
> which petitioner wants to have reviewed, explaining why and
> how those issues lack merit, and requesting permission to
> withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the
> "no-merit" letter/brief; (2) a copy of counsel's petition to
> withdraw; and (3) a statement advising petitioner of the right
> to proceed *pro se* or by new counsel.
>
> Where counsel submits a petition and no-merit letter that
> satisfy the technical demands of **Turner**/**Finley**, the court —
> [the PCRA] court or this Court — must then conduct its own
> review of the merits of the case. If the court agrees with
> counsel that the claims are without merit, the court will
> permit counsel to withdraw and deny relief.

*Commonwealth v. Muzzy*, 141 A.3d 509, 510–511 (Pa. Super. 2016) (citations and corrections omitted).

Here, counsel fulfilled the procedural requirements necessary for withdrawing as PCRA counsel. We thus turn to the claim raised in the *Turner*/*Finley* brief.

"We review a ruling by the PCRA court to determine whether it is supported by the record and is free of legal error. Our standard of review of a PCRA court's legal conclusions is *de novo*." *Commonwealth v. Cousar*, 154 A.3d 287, 296 (Pa. 2017) (citations omitted).

The PCRA contains a jurisdictional time-bar, which is subject to limited statutory exceptions. This time-bar demands that "any PCRA petition, including a second or subsequent petition, [] be filed within one year of the date that the petitioner's judgment of sentence becomes final, unless [the] petitioner pleads [and] proves that one of the [three] exceptions to the timeliness requirement . . . is applicable." *Commonwealth v. McKeever*, 947 A.2d 782, 785 (Pa. Super. 2008); 42 Pa.C.S.A. § 9545(b). Further, since the time-bar implicates the subject matter jurisdiction of our courts, we are required to first determine the timeliness of a petition before we consider the underlying claims. *Commonwealth v. Yarris*, 731 A.2d 581, 586 (Pa. 1999). Our Supreme Court has explained:

> the PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court is precluded from considering untimely PCRA petitions. *See*, *e.g.*, *Commonwealth v. Murray*, 753 A.2d 201, 203 (Pa. 2000) (stating that "given

the fact that the PCRA's timeliness requirements are mandatory and jurisdictional in nature, no court may properly disregard or alter them in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner"); *Commonwealth v. Fahy*, 737 A.2d 214, 220 (Pa. 1999) (holding that where a petitioner fails to satisfy the PCRA time requirements, this Court has no jurisdiction to entertain the petition). [The Pennsylvania Supreme Court has] also held that even where the PCRA court does not address the applicability of the PCRA timing mandate, th[e court would] consider the issue *sua sponte*, as it is a threshold question implicating our subject matter jurisdiction and ability to grant the requested relief.

*Commonwealth v. Whitney*, 817 A.2d 473, 475-476 (Pa. 2003).

The trial court sentenced Appellant on December 20, 2013. Since Appellant did not file a direct appeal, Appellant's judgment of sentence became final at the end of the day on January 21, 2014, which was 30 computable days after his judgment of sentence was imposed and the time for filing a notice of appeal to this Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a); 1 Pa.C.S.A. § 1908. Appellant then had until January 21, 2015 to file a timely PCRA petition. 42 Pa.C.S.A. § 9545(b)(1). As Appellant did not file his current petition until April 2, 2018, the current petition is manifestly untimely and the burden thus fell upon Appellant to plead and prove that one of the enumerated exceptions to the one-year time-bar applied to his case. *See* 42 Pa.C.S.A. § 9545(b)(1); *Commonwealth v. Perrin*, 947 A.2d 1284, 1286 (Pa. Super. 2008) (to properly invoke a statutory exception to the one-year time-bar, the PCRA demands that the petitioner properly plead and prove all required elements of the relied-upon exception).

- 8 -

Appellant claims that his petition is timely because it falls within the governmental interference exception to the PCRA's one-year time-bar. The governmental interference exception provides:

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States[.]

. . .

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented.

42 Pa.C.S.A. § 9545(b).[3] To successfully invoke the governmental interference exception, a "petitioner must plead and prove the failure to previously raise the [underlying] claim was the result of interference by government officials, and the information could not have been obtained earlier

_____

[3] Prior to December 24, 2018, Section 9545(b)(2) read: "Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented." *See* 42 Pa.C.S.A. § 9545(b)(2) (effective to December 23, 2018). However, effective December 24, 2018, the legislature amended Section 9545(b)(2) to provide for a one-year time-limitation. 42 Pa.C.S.A. § 9545(b)(2) (effective December 24, 2018). This current version of Section 9545(b)(2) applies to "claims arising on [December] 24, 2017 or thereafter." *See id.* at Comment.

with the exercise of due diligence." ***Commonwealth v. Abu-Jamal***, 941 A.2d 1263, 1268 (Pa. 2008).

Although Appellant loosely asserts that "governmental interference" precluded him from asserting his underlying, collateral claims in a timely manner, he fails to specifically assert an actual, underlying claim and he does not assert illegality on the part of the government. These omissions are fatal to Appellant's appeal. ***See*** 42 Pa.C.S.A. § 9545(b)(2)(i) (explaining that the alleged governmental interference must violate the laws and Constitution of this Commonwealth or the United States of America); ***Commonwealth v. Chimenti***, 218 A.3d 963, 975 (Pa. Super. 2019) ("the proper question with respect to Subsection 9545(b)(1)(i)'s timeliness exception is whether the government interfered with [an a]ppellant's **ability to present his claim**") (emphasis added); ***see also Commonwealth v. Rizvi***, 166 A.3d 344, 348-349 (Pa. Super. 2017); ***Commonwealth v. Bankhead***, 217 A.3d 1245 (Pa. Super. 2019) (explaining that, while Bankhead asserted that he was "unable at times to access the prison library," his petition did not qualify under the governmental interference exception to the PCRA time-bar "without an assertion of illegality on the part of government officials"). Thus, Appellant's failure to plead or prove an applicable exception to the PCRA's time-bar deprives this Court of jurisdiction to consider the merits of Appellant's claims.

After review, we conclude that counsel complied with the procedural requirements for withdrawing as counsel and, under ***Turner/Finley***, the issue Appellant wished to pursue in his PCRA petition has no merit. Accordingly, we

grant counsel's petition to withdraw and affirm the order denying Appellant post-conviction collateral relief.

Petition to withdraw as counsel granted. Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/11/2022